# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NONEND INVENTIONS, N.V.,<br><br>Plaintiff,<br><br>v.<br><br>CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS; AND VERIZON COMMUNICATIONS, INC.,<br><br>Defendants. | CIVIL ACTION NO. 2:15-cv-626<br><br>COMPLAINT FOR PATENT INFRINGEMENT<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Nonend Inventions, N.V., ("Nonend") files this complaint against the above-named defendants alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

## PARTIES

1. Nonend is a limited liability company formed under the laws of the Netherlands with a principal place of business in Bilthoven, the Netherlands.

2. Defendant Cellco Partnership d/b/a Verizon Wireless ("Cellco") is a general partnership organized under the laws of Delaware, with a principal place of business in Basking Ridge, NJ. It can be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701, as its agent for

1

service because it engages in business in Texas but has not designated or maintained a resident agent for service of process in Texas as required by statute. It has a principal place of business at One Verizon Way; Basking Ridge, NJ 07920.

3. Defendant Verizon Communications, Inc. is a corporation organized under the laws of Delaware, with a principal place of business in New York, NY. It can be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701, as its agent for service because it engages in business in Texas but has not designated or maintained a resident agent for service of process in Texas as required by statute.  It has a principal place of business at 140 West Street; New York, NY 10007.

4. Cellco is a subsidiary of Verizon Communications, Inc.   The companies will be collectively referred to as defendant "Verizon."

## JURISDICTION AND VENUE

5. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284–85, among others.  This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and § 1338(a).

6. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b). Upon information and belief, Verizon has transacted business in this district and has committed acts of patent infringement in this district.

7. Verizon is subject to this Court's specific and general personal jurisdiction under due process and/or the Texas Long Arm Statute due at least to defendant's substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 8,090,862**

8. On January 3, 2012, United States Patent No. 8,090,862 ("the 862 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention titled "Initiating An Alternative Channel For Receiving Streaming Content."

9. Nonend is the owner of the 862 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the 862 patent against infringers, and to collect damages for all relevant times.

10. Verizon made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products having the ability to receiving streaming content using both cellular and Wi-Fi functionality (including at least the Apple, Blackberry, HTC, LG, Motorola, Samsung, and Sony, and ZTE line of smartphone products and tablets that include cellular radios) (the "accused

products"). By doing so, Verizon has directly infringed (literally and/or under the Doctrine of Equivalents) the 862 Patent. Verizon's infringement in this regard is ongoing.

11. Verizon has also indirectly infringed the 862 Patent by inducing others to directly infringe the 862 Patent. Verizon has induced the end-users to directly infringe (literally and/or under the Doctrine of Equivalents) the 862 Patent by using the accused products. Verizon took active steps, directly and/or through contractual relationships with others, with the specific intent to cause them to use the accused products in a manner that infringes the 862 patent. Such steps by Verizon included, among other things, advising or directing customers and end-users to use the accused products in an infringing manner; advertising and promoting the use of the accused products in an infringing manner; and/or distributing instructions that guide users to use the accused products in an infringing manner. Verizon's inducement is ongoing.

12. Verizon has also indirectly infringed by contributing to the infringement of the 862 Patent. Verizon has contributed to the direct infringement of the 862 Patent by the end-user of the accused products. The accused products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe the 862 Patent. The special features include the ability to switch between Wi-Fi and cellular data

connections while receiving streamed content in a manner that infringes the 862 Patent.  The special features constitute a material part of the invention of one or more of the claims of the 862 patent and are not staple articles of commerce suitable for substantial non-infringing use. Verizon's contributory infringement is ongoing.

13. Verizon has knowledge of the 862 Patent at least as of the date when it was notified of the filing of this action.  Furthermore, on information and belief, Verizon has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and has thus remained willfully ignorant of Nonend's patent rights.  Verizon's direct and indirect infringement of the 862 Patent has thus been with knowledge (or willful ignorance) of the 862 Patent, making Verizon liable both for indirect infringement and willful infringement.

14. Nonend has been damaged as a result of the infringing conduct by defendant alleged above.  Thus, Verizon is liable to Nonend in an amount that adequately compensates it for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

15. Nonend and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law.

## JURY DEMAND

Nonend hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

Nonend requests that the Court find in its favor and against Verizon and that the Court grant Nonend the following relief:

a. Judgment that one or more claims of the 862 patent have been infringed, either literally and/or under the Doctrine of Equivalents, by Verizon;

b. Judgment that Verizon account for and pay to Nonend all damages to and costs incurred by Nonend because of Verizon's infringing activities and other conduct complained of herein;

c. That Verizon's infringement be found to be willful, and that the Court award treble damages for the period of such willful infringement under 35 U.S.C. § 284;

d. A permanent injunction enjoining Verizon and its respective officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement of the 862 Patent;

15. Nonend and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law.

## JURY DEMAND

Nonend hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

Nonend requests that the Court find in its favor and against Verizon and that the Court grant Nonend the following relief:

a. Judgment that one or more claims of the 862 patent have been infringed, either literally and/or under the Doctrine of Equivalents, by Verizon;

b. Judgment that Verizon account for and pay to Nonend all damages to and costs incurred by Nonend because of Verizon's infringing activities and other conduct complained of herein;

c. That Verizon's infringement be found to be willful, and that the Court award treble damages for the period of such willful infringement under 35 U.S.C. § 284;

d. A permanent injunction enjoining Verizon and its respective officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement of the 862 Patent;

      e.      Pre-judgment and post-judgment interest on the damages caused by Verizon's infringing activities and other conduct complained of herein;

      f.      A declaration by the Court that this an exceptional case and an award to Nonend its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

      g.      Other and further relief as the Court may deem just and proper under the circumstances.

Dated:  May 1, 2015                          Respectfully submitted,

                                                  */s/ Matthew J. Antonelli*
Matthew J. Antonelli (lead attorney)
Texas Bar No. 24068432
matt@ahtlawfirm.com
Zachariah S. Harrington
Texas Bar No. 24057886
zac@ahtlawfirm.com
Larry D. Thompson, Jr.
Texas Bar No. 24051428
larry@ahtlawfirm.com
Califf T. Cooper
Texas Bar No. 24055345
califf@ahtlawfirm.com
ANTONELLI, HARRINGTON
& THOMPSON LLP
4306 Yoakum Blvd., Ste. 450
Houston, TX 77006
(713) 581-3000
(713) 581-3020 fax

*Attorneys for Nonend Inventions N.V.*